SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

LAWRENCE ROSE,

                          Plaintiff(s),

- against -

COUNTY OF NASSAU, FORMER NASSAU COUNTY
EXECUTIVE THOMAS SUOZZI, NASSAU COUNTY
EXECUTIVE EDWARD P. MANGANO, NASSAU
COUNTY POLICE DEPARTMENT, and NASSAU
COUNTY POLICE OFFICER MICHAEL F. KNATZ,
                          Defendant(s),

------------------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
S DISTRICT COURT E.D N Y

★ FEB 03 2012 ★

LONG ISLAND OFFICE

CIVIL ACTION NO.

VERIFIED COMPLAINT

JURY TRIAL DEMANDED

**CV-12 0536**

SPATT, J.

LINDSAY, M

The plaintiff, complaining of the defendants, by his attorney RICHARD M. GUTIERREZ, ESQ., respectfully shows to this Court and alleges:

**<u>JURISDICTION</u>**

1.     Jurisdiction is founded upon the existence of a Federal Question.

2.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983) and arising under the law and statutes of the State of New York.

3.     Jurisdiction is founded upon U.S.C. Sections 1331, 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the First, Fourth and Fourteenth Amendments of the Constitution of the United States.

4.     The matter in controversy exceeds, exclusive of interest and costs, the sum or value of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## PARTIES

5.      That the plaintiff, LAWRENCE ROSE, is a resident of Queens County, State of New York.

6.      Upon information and belief, that at all times hereinafter mentioned, the defendants, COUNTY OF NASSAU AND NASSAU COUNTY POLICE DEPARTMENT were and still are municipal corporations duly organized and existing under and by virtue of the laws (and Constitution) of the State of New York.

7.      Upon information and belief, that at all times hereinafter mentioned, the defendant, FORMER NASSAU COUNTY EXECUTIVE THOMAS SUOZZI is a resident of the County of Nassau and was an employee of the COUNTY OF NASSAU.

8.      Upon information and belief, that at all times hereinafter mentioned, the defendant, EXECUTIVE EDWARD P. MANGANO, is a resident of the County of Nassau and is an employee of the COUNTY OF NASSAU.

9.      Upon information and belief, that at all times hereinafter mentioned, the defendant, POLICE OFFICER MICHAEL F. KNATZ, is a resident of the County of Nassau and an employee of THE NASSAU COUNTY POLICE DEPARTMENT.

10.     Upon information and belief, that at all times hereinafter mentioned, the defendant, COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT, its agents, servants and employees operated, maintained and controlled the Police officers thereof.

11.     The defendant, COUNTY OF NASSAU, is a local governmental agency duly formed and operating under and by virtue of the laws and Constitution of the State of New York and, as such are responsible for the policies, practices, and customs of the NASSAU COUNTY

POLICE DEPARTMENT as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

12.    This action arises under the United States Constitution, particularly under provisions of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983) and arising under the law and statutes of the State of New York.

13.    Each and all of acts of the defendants alleged herein were done by the defendants, their agents, servants, and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York and the County of Nassau, and under the authority of their office as police officers of said State and County.

## PENDENT STATE CLAIMS

14.    That the Notice of the Plaintiff's Claim for illegal detention, false arrest, false imprisonment, malicious prosecution, violation of civil rights, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claim and the date of, the time when, the place where, and the manner in which the claim arose was duly served upon the Municipal Agents of the defendants, NASSAU COUNTY POLICE DEPARTMENT AND COUNTY OF NASSAU on or about 13th day of June, 2011.

15.    A 50-H hearing has not been conducted due to the delay of the County Attorney in scheduling one. Despite repeated requests to schedule said hearing over a six month period, it has not been scheduled. Therefore, to avoid prejudicing plaintiff's claim, counsel has filed this action. Alternatively, the plaintiff, subject to the court approval, will agree to a 50-H hearing being conducted post lawsuit.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF
## LAWRENCE ROSE

16.     The plaintiff, LAWRENCE ROSE, repeats, reiterates and realleges each and

every allegation contained in paragraphs marked "1" through "15" with the same force and effect

as if more fully set forth herein.

17.     That on or about the 24th of May, 2010, the defendants wrongfully accused the

plaintiff, LAWRENCE ROSE, of two counts of criminal possession of a weapon. Plaintiff was

spending the weekend in New York and decided to book a room at Courtesy Hotel located in the

County of Nassau. Plaintiff arrived at the said location around 1:20 a.m. While he was parked in

the parking lot of the hotel, two police officers in plain clothes were frisking an unidentified

individual. Suddenly, one of the police officer knocked on the window of the plaintiff's car and

order him to get off the car. Plaintiff complied with the request but he was handcuffed without an

apparent reason. Meanwhile, the same police officer searched the plaintiff's car without his

consent. During his warrantless search, the police officer found a dissembled gun in the

plaintiff's trunk and a permit to carry the gun from Pennsylvania. Nevertheless, Plaintiff

LAWRENCE ROSE was arrested.

18.     That the said detention, arrest and imprisonment was caused by the defendants,

their agents, servants and employees, without any warrant or other legal process and without

authority of the law, and without any reasonable cause or belief that the plaintiff, LAWRENCE

ROSE, was in fact guilty of such crimes.

19.     While the plaintiff, LAWRENCE ROSE, was so engaged, as aforesaid, the

defendants, their agents, servants, and employees wrongfully, and unlawfully against the

plaintiff's wish, without probable cause, and on the false accusations, then made, that plaintiff,

LAWRENCE ROSE, was in a criminal possession of a gun, detained and held him in jail for three weeks. On March 21, 2011, after nearly one year, all criminal charges against the plaintiff were dismissed.

20.     The defendants, their agents, servants, and employees acting within the scope of their authority and within the scope of their employment, detained the plaintiff, LAWRENCE ROSE, eventhough the defendants, their agents, servants, and employees had the opportunity to know or should have known, that the matters hereinbefore were wrongfully and unlawfully alleged and without a sufficient charge. The defendants proceeded with the wrongfully and unlawfully alleged charge resulting in the plaintiff's incarceration for three weeks.

21.     That the plaintiff, LAWRENCE ROSE, was wholly innocent of said charges and did not contribute in any way to the conduct of the defendants, their agents, servants, and employees and was forced by the defendants to submit to the aforesaid detention thereto entirely against his will.

22.     That as a result of the aforesaid accusations made by defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff, LAWRENCE ROSE, was compelled to appear before a judge in NASSAU COUNTY and to be arraigned on the charges of criminal possession of a weapon in fourth and third degree, PL 265.02(07) and PL 265.01(01).

23.     That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to detain the plaintiff, LAWRENCE ROSE, in that the plaintiff was conscious of the detainment and it was not otherwise privileged.

24.     That by reason of the false arrest and detention of the plaintiff, LAWRENCE ROSE, was subjected to great indignities, humiliation, and ridicule, in being so detained, charged

and prosecuted with various offenses and greatly injured his credit and circumstances and was then there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities while being prosecuted for nearly one year.

      25.     That by reason of the aforesaid, the plaintiff, LAWRENCE ROSE, has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF LAWRENCE ROSE

      26.     Plaintiff, LAWRENCE ROSE, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "25" with the same force and effect as if more fully set forth therein.

      27.     That the defendants, NASSAU COUNTY POLICE DEPARTMENT, FORMER NASSAU COUNTY EXECUTIVE THOMAS SOUZZI, NASSAU COUNTY EXECUTIVE EDWARD P. MANGANO, and THE COUNTY OF NASSAU were careless and reckless in hiring and retaining as for their employee, the above named individual POLICE OFFICER MICHAEL F. KNATZ in the said defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employee; and failed to investigate the above named defendant's background.

      28.     That the aforesaid occurrence, to wit, the false arrest and detention resulted in injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees, without any negligence on the part of the plaintiff.

29.     That by reason of the aforesaid the plaintiff, LAWRENCE ROSE, was injured in mind and body, still suffers and upon information and belief, will continue to suffer physical and mental pain, and was rendered sick, sore, lame and disabled and so remains, and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an effort to cure himself of said injuries and to extricate himself from the indignities and humiliation foisted upon him by the action of the defendants, their agents, servants, and employees.

30.     That by reason of the aforesaid, the plaintiff, LAWRENCE ROSE, has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF LAWRENCE ROSE

31.     Plaintiff, LAWRENCE ROSE, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "30" with the same force and effect as if more fully set forth herein.

32.     That the defendants, their agents, servants and employees, negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular the named defendant, NASSAU COUNTY POLICE OFFICER MICHAEL F. KNATZ, in that they failed to train their employees in the proper use of weapons and firearms, in the proper method of restraining a suspect; to control their tempers and exercise the proper deportment and temperament, and to otherwise act as reasonably prudent police officers, failed to give them proper instruction as to their deportment, behavior and conduct as representative of their employers, and in that the defendants, their agents, servants and employees were otherwise reckless, careless, and negligent.

33.     That the aforesaid occurrence, to wit, the false arrest, detention and the

resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the

negligence of the defendants, their agents, servants, and employees without any negligence on the

part of the plaintiff.

34.     That by reason of the aforesaid, the plaintiff, LAWRENCE ROSE, was injured in

mind and upon information and belief, will continue to suffer physical and mental pain, and was

rendered sick, sore, lame and disabled and so remains and was incapacitated and will upon

information and belief, be so incapacitated in the future, and has expended and incurred diverse

sums of money in an effort to cure himself of said injuries to extricate himself from the

indignities and humiliation foisted upon him by the actions of the defendants, their agents,

servants, and employees.

35.     That by reason of the aforesaid, the plaintiff LAWRENCE ROSE, has been

damaged in the sum of FIVE HUNDRED ($500,000.00).

## AS AND FOR THE FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF LAWRENCE ROSE

36.     Plaintiff, LAWRENCE ROSE, repeats, reiterates and realleges each and every

allegation contained in paragraphs marked "1" through "35" with the same force and effect as if

more fully set forth herein.

37.     That the defendants, their agents, servants, and employees, negligently, carelessly

and recklessly performed their police duties in that they failed to performance their duties as a

trained police officers would have used under similar circumstances in that they carelessly,

recklessly, arrested and detained the plaintiff without making proper investigation, in that they

were negligent, careless and reckless in the manner in which they operated, controlled and

maintained the said detention of the plaintiff, and the defendants, their agents, servants, and employees negligently, carelessly and recklessly interfered with plaintiff's rights of free movement on a public street; and in that the defendants, their agents, servants and employees were otherwise negligent, careless, and reckless.

38.    That the aforesaid occurrence, to wit, the false arrest and detention, and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

39.    That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer physical and mental pain, and was rendered sick, sore, lame and disabled and so remains, and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an efforts to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon them by the actions of the defendants, their agents, servants, and employees.

40.    That by reason of aforesaid, the plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND (500,000.00) DOLLARS.


## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF LAWRENCE ROSE

41.    Plaintiff, LAWRENCE ROSE, repeats, reiterates and realleges each and every allegation contained in paragraph marked "1" through "40" with the same force and effect as if more fully set forth herein.

42.     That on or about the 24th of May of 2010, at approximately 1:20 a.m. on that day,

the plaintiff was arrested in the parking lot of the Courtesy Hotel located at 130 Hempstead

Avenue, West Hempstead, New York,  the defendants, their agents, servants, and employees

maliciously prosecuted and detained plaintiff without any just right or ground therefore .Plaintiff

was spending the weekend in New York and decided to book a room at Courtesy Hotel. While he

was parked in the parking lot of the hotel, two police officers in plain clothes were frisking an

unidentified individual. Suddenly, one of the police officer knocked on the window of the

plaintiff's car and order him to get off the car. Plaintiff complied with the request but he was

handcuffed without an apparent reason. Meanwhile, the same police officer searched the

plaintiff's car without his consent. During his search, the police officer found a dissembled gun

in the plaintiff's trunk but the plaintiff has a gun permit from Pennsylvania to carry it.

Nevertheless, Plaintiff, LAWRENCE ROSE, was arrested.

43.     That the plaintiff, LAWRENCE ROSE, was and is wholly innocent, and was

forced by the defendants to submit to court proceedings.

44.     After the arrest, the defendants, their agents, servants, and employees

falsely and maliciously and without probable cause or provocation charged the plaintiff,

LAWRENCE ROSE, with two counts of criminal possession of a weapon.

45.     The defendants, their agents, servants, and employees maliciously started and

continued prosecutorial proceedings against the plaintiff, LAWRENCE ROSE, without probable

cause and with actual malice.

46.     That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff

LAWRENCE ROSE, was deprived of his liberty, was subjected to great indignity, humiliation,

pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his

character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and said plaintiff has been otherwise damaged.

47.     That by reason of aforesaid, the plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF LAWRENCE ROSE

48.     Plaintiff, LAWRENCE ROSE, repeats, reiterates, and realleges each and every allegation contained in paragraphs marked "1" through "47" with the same force and effect as if more fully set forth herein.

49.     That on or about the 24th day of May, 2010 at approximately 1:20 a.m., the plaintiff was arrested in the parking lot of the Courtesy Hotel located at 130 Hempstead Avenue, West Hempstead, New York, at which time and place defendants were present as part of their regular and official employment as police officers for the defendants NASSAU COUNTY POLICE DEPARTMENT, FORMER NASSAU COUNTY EXECUTIVE THOMAS SOUZZI, NASSAU COUNTY EXECUTIVE EDWARD P. MANGANO, and THE COUNTY OF NASSAU.

50.     As plaintiff was lawfully and properly threat, the aforementioned police officer, who having the real and apparent power and authority to arrest and detain the plaintiff, LAWRENCE ROSE, did in fact arrest the plaintiff.

51.     The defendants falsely arrested and detained the plaintiff, LAWRENCE ROSE, for three weeks and deprived him of his rights and liberties as set forth in the Constitution of the United States and of the State of New York, without any conduct on the part of the said plaintiff to so warrant.

52.     In that all of the actions of the defendants, their agents, servants and employees, were committed with the intention of racial profiling of the plaintiff, LAWRENCE ROSE, to arrest, restrain, and detain the said plaintiff without his consent, the plaintiff was at all times conscious of his arrest, did not consent to the false arrest and the detention of such was not otherwise privileged.

53.     The arrest and imprisonment were not justified by probable cause or other legal privilege such as a search warrant, when the defendants, their agents, servant and employees, acting under the color of statute, ordinances, regulations, customs and usages of the NASSAU COUNTY POLICE DEPARTMENT AND THE COUNTY OF NASSAU, and under the authority of their office as police officers for said Police Department, falsely charged the plaintiff, LAWRENCE ROSE, with criminal possession of a weapon, although the defendants, acting in such capacity knew that such charges were false.

54.     That the defendants, their agents, servants, and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior, and the performances of the defendants, their agents, servants, and employees and their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State of New York is evidence of the reckless lack of caution regarding the rights of the public including plaintiff and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

55.     The failure of the defendants, their agents, servants and employee to hire, train, supervise, discipline or in any other way control the defendants, in the exercise of their functions and their failure to enforce the laws of the State of New York, the COUNTY OF NASSAU and the NASSAU COUNTY POLICE DEPARTMENT and is carried out willfully, wantonly,

maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizen of the State of New York and the County of Nassau including the plaintiff.

56.   Due to the acts of the defendants, their agents, servants and employees herein, the failure of the NASSAU COUNTY POLICE DEPARTMENT, FORMER NASSAU COUNTY EXECUTIVE THOMAS SOUZZI, NASSAU COUNTY EXECUTIVE EDWARD P. MANGANO, and THE COUNTY OF NASSAU to discipline and properly hire the defendants and the continued employment of the defendants represent a clear and present danger to the citizens of the County of Nassau and the State of New York.

57.   That the defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named plaintiff, and, in that each that all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the County of Nassau and under the authority of their office as police officers for said Municipalities.

58.   Plaintiff, LAWRENCE ROSE, did not commit, either before or at the time he was falsely arrested and detained, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the State of New York, any illegal act.

59.   As a direct result of the illegal action and conduct on the part of the defendants, their agents, servants, and employees, the plaintiff, LAWRENCE ROSE, was falsely arrested and detained, maliciously prosecuted and compelled to be arraigned and appear in Nassau County to undergo a prosecution.

60.   That at all times hereinafter mentioned, the defendants were employed in their

respective capacities by the defendants, NASSAU COUNTY POLICE DEPARTMENT,

FORMER NASSAU COUNTY EXECUTIVE THOMAS SOUZZI, NASSAU COUNTY

EXECUTIVE EDWARD P. MANGANO, and THE COUNTY OF NASSAU , and were acting

under the color of their official capacity and their acts were performed under the color of policies,

statutes, ordinances, rules and regulations of NASSAU COUNTY POLICE DEPARTMENT.

      61.     That all the time hereinafter mentioned, defendant, POLICE OFFICER

MICHAEL F. KNATZ, and unknown police officer, were acting pursuant to orders and

directives from the defendants, FORMER NASSAU EXECUTIVE THOMAS SOUZZI,

NASSAU COUNTY EXECUTIVE EDWARD P. MANGANO, NASSAU COUNTY POLICE

DEPARTMENT, AND THE COUNTY OF NASSAU.

      62.     That during all times hereinafter mentioned, the defendant police officers and

each of them, separately, and in concert, acted under color and pretense of the law, to wit: under

color of statutes, ordinances, regulations, customs and usage of the COUNTY OF NASSAU and

the defendants herein, separately and in concert, engaged in the illegal conduct here mentioned to

the injury of the plaintiff, LAWRENCE ROSE, and deprived said plaintiff of rights secured by

the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

      63.     The police officer of the defendants, NASSAU COUNTY POLICE

DEPARTMENT, FORMER NASSAU COUNTY EXECUTIVE THOMAS SOUZZI, NASSAU

COUNTY EXECUTIVE EDWARD P. MANGANO, and THE COUNTY OF NASSAU and its

individuals members who are agents, servants and employees of defendants, together with

persons unknown to plaintiff, acting under color of law, have subjected said plaintiff, and other

persons to a pattern of conduct consisting of illegal harassment, false imprisonments and arrests

and malicious prosecution at the time said plaintiff was lawfully and properly on the public

streets of the COUNTY OF NASSAU, State of New York, in denial of rights, privileges and immunities guaranteed plaintiff and other citizens by the Constitution of the United States.

64.    This systematic pattern of conduct consists of a large number of individual acts of intimidation, false arrest, and false imprisonment and malicious prosecution visited on plaintiff, LAWRENCE ROSE, and other citizens members of the COUNTY OF NASSAU acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

65.    Although defendants knew or should have known of the fact that this pattern of conduct was carried out of their agents, servants, and employees, the defendant, NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, has not taken any steps or made any efforts to halt this course of conduct, to redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees and agents.

66.    The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff, LAWRENCE ROSE, of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York.

67.    The right of plaintiff, LAWRENCE ROSE, to be secured in his person and effect against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

68.    The right of plaintiff, LAWRENCE ROSE, to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth

Amendments of the Constitution of the United States.

69.     The right of plaintiff, LAWRENCE ROSE, not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendments to the Constitution of the United States.

70.     That by reason of the aforesaid violations, false arrest, false imprisonment, and malicious prosecution caused by the defendants, their agents, servants, and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff, LAWRENCE ROSE, and compel him to abandon his rights and privileges as provided to him by the Constitution of the United States of America, and provided to him in the Constitution of the State of New York, and laws related thereto, the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the COUNTY OF NASSAU, subjected a citizen of the United States of America.

WHEREFORE, Plaintiff demands judgment against the defendants as follows:

ON THE FIRST CAUSE OF ACTION ............................................... $500,000.00

ON THE SECOND CAUSE OF ACTION .......................................... $500,000.00

ON THE THIRD CAUSE OF ACTION .............................................. $500,000.00

ON THE FOURTH CAUSE OF ACTION ........................................... $500,000.00

ON THE FIFTH CAUSE OF ACTION ............................................... $500,000.00

ON THE SIXTH CAUSE OF ACTION .............................................$500,000.00

Forest Hills, NY
November 29, 2011

Yours, etc.

Richard M. Gutierrez, Esq.
Attorney for the plaintiff
118-35 Queens Boulevard
Suite 1500
Forest Hills, NY 11375

## **VERIFICATION**

I, LAWRENCE ROSE, being duly sworn, deposes and says: Deponent is the Plaintiff in the within action and has read the foregoing COMPLAINT and knows the contents thereof.

The content of the aforesaid pleading is true to deponent's own knowledge, except as to matters therein stated to be alleged on information and belief, and to those matters deponent believes them to be true.

_Lawrence Rose_
LAWRENCE ROSE

State of New York    )
County of Queens      )        ss.:

On the _13_th day of _January_, _2012_, before me personally came, _Lawrence Rose_   known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

_Richard M. Gutierrez_
NOTARY PUBLIC

**RICHARD M. GUTIERREZ**
**Notary Public, State of New York**
**No. 02GU6137665**
**Qualified in Queens County**
**Commission Expires December 5, _2013_**

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)* true copy of a duly entered in the office of the clerk of the within named court on _____ 2012.

Dated: _____

Yours, etc.

RICHARD M. GUTIERREZ, ESQ.

*Attorney for*
*Office and Post Office Address*
118-35 QUEENS BOULEVARD
SUITE 1500
FOREST HILLS, NEW YORK 11375

To:

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at _____ on 2012   at

Dated,

Yours, etc.

RICHARD M. GUTIERREZ, ESQ.

To:

Attorney(s) for

*Attorney for*
*Office and Post Office Address*
118-35 QUEENS BOULEVARD
SUITE 1500
FOREST HILLS, NEW YORK 11375

To:

Attorney(s) for

---

CIVIL ACTION NO:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAWRENCE ROSE

PLAINTIFF

-against-

COUNTY OF NASSAU, FORMER NASSAU
COUNTY EXECUTIVE THOMAS SOUZZI,
EXECUTIVE EDWARD P. MANGANO,
NASSAU COUNTY POLICE
DEPARTMENT, and NASSAU COUNTY
POLICE OFFICER MICHAEL F. KNATZ

SUMMONS AND COMPLAINT

RICHARD M. GUTIERREZ, ESQ.

*Attorney for PLAINTIFF*

*Office and Post Office Address, Telephone, Fax*
118-35 QUEENS BOULEVARD
SUITE 1500
FOREST HILLS, NY 11375
Telephone No.: 718-520-0663
Fax No.:          718-520-0596

To:

Attorney(s) for

Service of a copy of the within _____ is hereby admitted.

Dated: _____

Attorney(s) for

Pursuant to 22 NYCRR 130-1.1; the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:   January 20, 2012

Signature _____
RICHARD M. GUTIERREZ, ESQ.