UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LAWRENCE ROSE,

               Plaintiff,

        -against-                     **MEMORANDUM OF DECISION AND ORDER**
                                          12-cv-0536 (ADS) (ARL)

COUNTY OF NASSAU, FORMER NASSAU
COUNTY EXECUTIVE THOMAS SUOZZI,
NASSAU COUNTY EXECUTIVE EDWARD
P. MANGANO, NASSAU COUNTY POLICE
DEPARTMENT, AND NASSAU COUNTY
POLICE OFFICER MICHAEL F. KNATZ,

               Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**RICHARD M. GUTIERREZ, Esq.**
*Attorney for the Plaintiff*
118-35 Queens Boulevard
Forest Hills, NY 11375

**NASSAU COUNTY ATTORNEY'S OFFICE**
*Attorneys for the Defendants*
One West Street
Mineola, NY 11501
    By: Ralph J. Reismann, Deputy County Attorney,
       Sanjay V. Nair, Deputy County Attorney,
       Liora M. Ben-Sorek, Deputy County Attorney, of Counsel

**SPATT, District Judge**.

      The Plaintiff in this case, Lawrence Rose ("Rose"), commenced this action on February 2, 2012, against the Defendants the County of Nassau, former Nassau County Executive Thomas Suozzi, Nassau County Executive Edward P. Mangano, the Nassau County Police Department ("Police Department"), and Nassau County Police Officer Michael F. Knatz., asserting causes of action pursuant to 42 U.S.C. § 1983 and New York State law. Presently before the Court is the Defendants' partial motion to dismiss the Plaintiff's claims pursuant to Federal Rule of Civil

Procedure 12(b)(6) ("Rule 12(b)(6)"). For the reasons set forth below, the Defendants' motion is granted.

## I. BACKGROUND

### A. Factual Background

The following brief facts are drawn from the Plaintiff's complaint. As required in reviewing a motion to dismiss, the Court accepts all of the alleged facts as true, and makes reasonable inferences in favor of the Plaintiff.

The Plaintiff alleges that on or about May 24, 2010, he was wrongfully searched and subsequently arrested for criminal possession of a weapon. The Plaintiff was in the parking lot of the Courtesy Hotel located in Nassau County at approximately 1:20am. Two plain-clothes officers were frisking another man when they suddenly approached the Plaintiff's car, knocked on the window, and ordered him to exit the vehicle. One of the officers then proceeded to search the Plaintiff's car without his consent. The officer found a dissembled gun in the trunk and a permit to carry the gun, which was issued in Pennsylvania.

The Plaintiff was arrested and charged with criminal possession of a weapon in the third and fourth degree. He was then detained in jail for three weeks. On March 21, 2011, almost a year later, all criminal charges against the Plaintiff were dismissed. The complaint does not specify the reason for the dismissal.

### B. Procedural History

On June 13, 2011, Rose served a notice of claim on the Defendants. On February 2, 2012, Rose commenced the present action pursuant to 42 U.S.C. § 1983 and New York State law. He brought several causes of action in the complaint, including: (1) malicious prosecution under New York State law; (2) negligent hiring and training under New York State law, against

all of the Defendants other than Police Officer Knatz; (3) false arrest and imprisonment under New York State law; and (5) false arrest, false imprisonment, and malicious prosecution under federal law, as well as municipal liability under federal law.

The Defendants now move pursuant to Rule 12(b)(6) for a partial dismissal of the Plaintiff's claims. The Defendants claim that: (1) the claims brought against Defendants Mangano and Suozzi are duplicative of the claims brought against the Defendant the County of Nassau; (2) the Defendant the Nassau County Police Department is a non-suable entity; (3) the pendent state law negligence claims made against all of the Defendants do not comply with the New York notice of claim statute; and (4) the pendent state law false arrest claims against all Defendants are time-barred. The Plaintiff opposes only the Defendants' time-bar claim.

## II.  DISCUSSION

### A. Legal Standard for Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

Under the now well-established Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles. Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L .Ed. 2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Iqbal, 129 S. Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible

claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 129 S. Ct. at 1950.

In considering a motion to dismiss, this Court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in the Plaintiff's favor. Zinermon v. Burch, 494 U.S. 113, 118, 110 S. Ct. 975, 979, 108 L. Ed. 2d 100 (1990); In re NYSE Specialists Secs. Litig., 503 F.3d 89, 91 (2d Cir. 2007). Only if this Court is satisfied that "the complaint cannot state any set of facts that would entitle the plaintiff to relief" will it grant dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Hertz Corp. v. City of New York, 1 F.3d 121, 125 (2d Cir. 1993). The issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

**B. As to the Claims Asserted Against Former County Executive Suozzi and County Executive Mangano**

Rose has asserted claims under 42 U.S.C. § 1983 and state law against Suozzi and Mangano. The Court notes that the claims against them appear to be only in their official capacities and the Plaintiff does not argue that it is against them in their individual capacities as well. Since "it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as 'redundant and an inefficient use of judicial resources.'" DeJean v. Cnty. of Nassau, No. 06 Civ. 6317, 2008 WL 111187, at *5 (E.D.N.Y. Jan. 8, 2008) (quoting Escobar v. City of New York, No. 05 Civ. 3030, 2007 WL 1875623 at *19 (E.D.N.Y.

4

June 27, 2007)) (dismissing claims against the individual defendants in their official capacities as duplicative of the Monell claim against the county). Accordingly, the Plaintiff's claims against Suozzi and Mangano are dismissed.

**C. As to Nassau County Police Department Being a Non-Suable Entity**

Next, the Defendants contend that the claims against the Police Department should be dismissed because the Police Department is a non-suable entity. The Plaintiff does not respond to this contention in his Opposition. The Police Department is an administrative arm of the County of Nassau. Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued. See Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) (dismissing claim against the police department); Polite v. Town of Clarkstown, 60 F. Supp. 2d 214, 216 (S.D.N.Y. 1999); Umhey v. County of Orange, 957 F. Supp. 525, 530–31 (S.D.N.Y. 1997); Wilson v. City of New York, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992). Therefore, the complaint must be dismissed as against the Nassau County Police Department.

**D. As to Whether the Pendent State Law Negligence Claims Comply With the New York Notice of Claim Statute**

Another ground for the Defendants' partial motion to dismiss is based on the Defendants' contention that because the state law negligence claims were not included in the Plaintiff's notice of claim, those claims must be dismissed. Under New York law, a notice of claim is a condition precedent to bringing personal injury actions against a municipal corporation and its officers, appointees and employees. See N.Y. Gen. Mun. Law § 50-e; C.S.A. Contr. Corp. v. N.Y. City School Constr. Auth., 5 N.Y.3d 189, 192, 800 N.Y.S.2d 123, 125, 833 N.E.2d 266, 268 (2005); see also Brown v. Metro. Transport. Auth., 717 F. Supp. 257, 259 (S.D.N.Y. 1989). The notice of claim must provide, among other things, the nature of the claim and must be filed within

ninety days after the claim arises.  See N.Y. Gen Mun. Law § 50-e.  In addition, the plaintiff must plead in his complaint that: (1) he has served the notice of claim; (2) at least thirty days have elapsed since the notice was filed and before the complaint was filed; and (3) in that time the defendant has neglected to or refused to adjust or satisfy the claim.  See N.Y. Gen. Law § 50-i.  "Notice of claim requirements are construed strictly by New York state courts."  AT&T v. New York City Dep't of Human Resources, 736 F.Supp. 496, 499 (S.D.N.Y. 1990) (citations omitted).  The failure to comply with these requirements generally results in dismissal for failure to state a claim.  See Brown, 717 F. Supp. at 259.

The Plaintiff claims in his complaint that the notice of claim was served on the Defendants on June 13, 2011 and that it included, among other things, claims for negligence in hiring and retaining, negligence in performance, and negligence in training and supervising.  The Plaintiff did not provide the Court with an actual copy of the notice of claim and thus the Court necessarily must rely on the one provided by the Defendants. The notice of claim, in the nature of the claim section, states the following:

> Illegal detention, false arrest, false imprisonment, malicious prosecution by members of the Nassau County Police Department, specifically police officers of the 5th squad. Violation of claimants [sic] civil rights, as guaranteed by the United States Constitution, the constitution of the state of New York and Title 42 Section 1983 of the United States Code. In addition, claimant's automobile was searched without a warrant or his consent.

(Sunjay Nair Decl., Ex. B.)

Based on a plain reading of the notice of claim, the nature of the Plaintiff's negligence claims were not provided to the Defendants and were apparently raised for the first time in the complaint filed on February 2, 2012, and as such, are barred. See Fincher v. Cnty. Of Westchester, 979 F. Supp. 989, 1003 (S.D.N.Y. 1997) ("Any cause of action or theory of liability not directly or indirectly mentioned in the notice of claim may not be included in a subsequent

6

lawsuit."); Sussman v. New York City Health and Hosp. Corp., No. 94 Civ. 8461, 1997 WL 334964, at *16 (S.D.N.Y. Jun. 16, 1997). Therefore, all of the claims sounding in New York State common law negligence, including negligent hiring, negligent performance, and negligent training and supervising, are dismissed as against all of the Defendants.

### E. As to Whether Plaintiff's State Law False Arrest and Imprisonment Claims are Time-Barred

Finally, the Defendants claim that the state law false arrest and imprisonment claims are time-barred. The operative law governing the time to commence an action against the Defendants is Section 50-i of the New York General Municipal Law. Section 50-i provides that a plaintiff must commence any action against a county for "personal injury" within one year and ninety days from the claim's accrual. See Campbell v. City of N.Y., 4 N.Y.3d 200, 203, 825 N.E.2d 121, 122, 791 N.Y.S.2d 880, 882 (2005); see, e.g., Geslak v. Suffolk Cnty., No. 06 Civ. 251, 2008 WL 620732, *2 (E.D.N.Y. Mar. 5, 2008) (applying section 50-i limitations period to a state claim in federal court). Under New York General Construction Law, section 37-a, "personal injury" includes "malicious prosecution, . . . assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another."

Under New York law, the statute of limitations on a false arrest and imprisonment claim runs from the date the plaintiff was released from custody. See Coakley v. Jaffe, 49 F. Supp. 2d 615, 623 (S.D.N.Y. 1999). Here, the Plaintiff was arrested on May 24, 2010 and released three weeks later. Plaintiff filed his complaint on February 2, 2012—well beyond one year and ninety days after his release. Accordingly, Plaintiff's state law false arrest and imprisonment claim is dismissed as untimely.

In his Opposition, the Plaintiff points to a three-year statute of limitations that he claims should control the federal Section 1983 false arrest and imprisonment claim, without addressing

7

the state law false arrest and imprisonment claim that was raised in the instant motion.  In this regard, the Court notes that federal courts do borrow the relevant state law limitation periods for personal injury claims brought pursuant to Section 1983.  See Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); see also Pearl v. City of Long Beach, 296 F.3d 76, 81 (2d Cir. 2002); Spigner v. City of New York, Bronx County, et al., 94 Civ. 8015, 1995 WL 747813, at *1 (S.D.N.Y. Dec. 18, 1995).  In New York, the applicable statute of limitations for Section 1983 actions is three years.  See Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994); see also Murphy v. Linn, 53 F.3d 547, 548 (2d Cir. 1995).  The Plaintiff's complaint was filed within that time period.  Therefore, the Plaintiff is correct that his false arrest claims can proceed, but only as federal Section 1983 claims rather than pursuant to New York State law.

### III.  CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the Defendants' motion to dismiss the duplicative claims against former Executive Thomas Suozzi and Executive Edward P. Mangano is GRANTED; and it is further

**ORDERED**, that the Defendants' motion to dismiss the claims against the Nassau County Police Department is GRANTED; and it is further

**ORDERED**, that the Defendants motion to dismiss all the pendent state law negligence claims is GRANTED; and it is further

**ORDERED**, that the Defendants' motion to dismiss the pendent state law false arrest claims is GRANTED; and it is further

**ORDERED** that the amended caption will read as follows:

----------------------------------------------------------X
LAWRENCE ROSE,

              Plaintiff,

      -against-

COUNTY OF NASSAU AND NASSAU
COUNTY POLICE OFFICER MICHAEL F.
KNATZ,

              Defendants.
----------------------------------------------------------X

**SO ORDERED.**
Dated: Central Islip, New York
November 9, 2012

                                        ___*/s/ Arthur D. Spatt*____
                                         ARTHUR D. SPATT
                                   United States District Judge