UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
LAWRENCE ROSE,

                              Plaintiff(s),

- against -

COUNTY OF NASSAU and NASSAU
COUNTY POLICE OFFICER MICHAEL F. KNATZ,
                              Defendant(s),
-----------------------------------------------------------------------x

12-CV-0536
(ADS) (ARL)

AMENDED
COMPLAINT

JURY TRIAL DEMANDED

The plaintiff, complaining of the defendants, by his attorney RICHARD M. GUTIERREZ, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1.     Jurisdiction is founded upon the existence of a Federal Question.

2.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983) and arising under the law and statutes of the State of New York.

3.     Jurisdiction is founded upon U.S.C. Sections 1331, 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the First, Fourth and Fourteenth Amendments of the Constitution of the United States.

4.     The matter in controversy exceeds, exclusive of interest and costs, the sum or value of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## PARTIES

5.      That the plaintiff, LAWRENCE ROSE, is a resident of Queens County, State of New York.

6.      Upon information and belief, that at all times hereinafter mentioned, the defendant, COUNTY OF NASSAU was and still is municipal corporations duly organized and existing under and by virtue of the laws (and Constitution) of the State of New York.

7.      Upon information and belief, that at all times hereinafter mentioned, the defendant, POLICE OFFICER MICHAEL F. KNATZ, is a resident of the County of Nassau and an employee of the Nassau County Police Department.

8.      Upon information and belief, that at all times hereinafter mentioned, the defendant, COUNTY OF NASSAU, its agents, servants and employees operated, maintained and controlled the Police officers thereof.

9.      The defendant, COUNTY OF NASSAU, is a local governmental agency duly formed and operating under and by virtue of the laws and Constitution of the State of New York and, as such are responsible for the policies, practices, and customs of the Nassau County Police Department, police officers and civilian employees.

10.     This action arises under the United States Constitution, particularly under provisions of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983) and arising under the law and statutes of the State of New York.

11.     Each and all of acts of the defendants alleged herein were done by the defendants, their agents, servants, and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York and the County of Nassau, and under the authority of their office as police officers of said

State and County.

## PENDENT STATE CLAIMS

12. That the Notice of the Plaintiff's Claim for illegal detention, false arrest, false imprisonment, malicious prosecution, violation of civil rights, the nature of the claim and the date of, the time when, the place where, and the manner in which the claim arose was duly served upon the Municipal Agents of the defendant, COUNTY OF NASSAU on or about 13th day of June, 2011.

13. A 50-H hearing has not been conducted due to the delay of the County Attorney in scheduling one. Despite repeated requests to schedule said hearing over a six month period, it has not been scheduled. Therefore, to avoid prejudicing plaintiff's claim, counsel has filed this action. Alternatively, the plaintiff, subject to the court approval, will agree to a 50-H hearing being conducted post lawsuit.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF LAWRENCE ROSE

14. Plaintiff, LAWRENCE ROSE, repeats, reiterates and realleges each and every allegation contained in paragraph marked "1" through "13" with the same force and effect as if more fully set forth herein.

15. That on or about the 24th of May of 2010, at approximately 1:20 a.m. on that day, the plaintiff was arrested in the parking lot of the Courtesy Hotel located at 130 Hempstead Avenue, West Hempstead, New York, the defendants, their agents, servants, and employees maliciously prosecuted and detained plaintiff without any just right or ground thereof. Plaintiff was spending the weekend in New York and decided to book a room at the Courtesy Hotel. While he was parked in the parking lot of the hotel, two police officers in plain clothes were frisking an unidentified individual. Suddenly, one of the police officer knocked on the window of

the plaintiff's car and ordered him to get off the car. Plaintiff complied with the request but he was handcuffed without an apparent reason. Meanwhile, the same police officer searched the plaintiff's car without his consent. During his search, the police officer found a disassembled gun in the plaintiff's trunk. However, the plaintiff had a gun permit from the State of Pennsylvania to possess it. Nevertheless, Plaintiff, LAWRENCE ROSE, was arrested.

16. That the plaintiff, LAWRENCE ROSE, was and is wholly innocent, and was forced by the defendants to submit to court proceedings.

17. After the arrest, the defendants, their agents, servants, and employees falsely and maliciously and without probable cause or provocation charged the plaintiff, LAWRENCE ROSE, with two counts of criminal possession of a weapon.

18. The defendants, their agents, servants, and employees maliciously started and continued prosecutorial proceedings against the plaintiff, LAWRENCE ROSE, without probable cause and with actual malice.

19. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff LAWRENCE ROSE, was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and said plaintiff has been otherwise damaged.

20. That by reason of aforesaid, the plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF LAWRENCE ROSE

21. Plaintiff, LAWRENCE ROSE, repeats, reiterates, and realleges each and every

allegation contained in paragraphs marked "1" through "20" with the same force and effect as if more fully set forth herein.

22. That on or about the 24th day of May, 2010 at approximately 1:20 a.m., the plaintiff was arrested in the parking lot of the Courtesy Hotel located at 130 Hempstead Avenue, West Hempstead, New York, at which time and place defendant NASSAU COUNTY POLICE OFFICER MICHAEL F. KNATZ was present as part of his regular and official employment as police officer for the defendant THE COUNTY OF NASSAU.

23. The defendants falsely arrested and detained the plaintiff, LAWRENCE ROSE, and incarcerated him for three weeks and deprived him of his rights and liberties as set forth in the Constitution of the United States and of the State of New York, without any conduct on the part of the said plaintiff to so warrant.

24. In that all of the actions of the defendants, their agents, servants and employees, were committed with the intention of racial profiling of the plaintiff, LAWRENCE ROSE, to arrest, restrain, and detain the said plaintiff without his consent, the plaintiff was at all times conscious of his arrest, did not consent to his arrest and detention which was not otherwise privileged.

25. The arrest and imprisonment were not justified by probable cause or other legal privilege such as a search warrant, when the defendants, their agents, servant and employees, acting under the color of statute, ordinances, regulations, customs and usages of the THE COUNTY OF NASSAU, and under the authority of their office as police officers for said Police Department, falsely charged the plaintiff, LAWRENCE ROSE, with criminal possession of a weapon, although the defendants, acting in such capacity knew that such charges were false.

26. That the defendants, their agents, servants and employees permitted the use of

policy and/or drafted policy that was violative of the constitutional rights of the above named plaintiff, and, in that each that all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the County of Nassau and under the authority of their office as police officers for said Municipalities.

27. Plaintiff, LAWRENCE ROSE, did not commit, either before or at the time he was falsely arrested and detained, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the State of New York and the United States any illegal act.

28. As a direct result of the illegal action and conduct on the part of the defendants, their agents, servants, and employees, the plaintiff, LAWRENCE ROSE, was arrested and detained, maliciously prosecuted and compelled to be arraigned and appear in Nassau County to undergo a prosecution.

29. That at all times hereinafter mentioned, the THE COUNTY OF NASSAU, was acting under the color of their official capacity.

30. That all the time hereinafter mentioned, defendant, POLICE OFFICER MICHAEL F. KNATZ, and unknown police officer, were acting pursuant to orders and directives from the Defendant, THE COUNTY OF NASSAU.

31. That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and pretense of the law, to wit: under color of statutes, ordinances, regulations, customs and usage of the COUNTY OF NASSAU and the defendants herein, separately and in concert, engaged in the illegal conduct herein mentioned to the injury of the plaintiff, LAWRENCE ROSE, and deprived said plaintiff of rights secured by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

32. The police officer of the defendant, THE COUNTY OF NASSAU and its individuals members who are agents, servants and employees of defendants, together with persons unknown to plaintiff, acting under color of law, have subjected said plaintiff, and other persons to a pattern of conduct consisting of illegal harassment, false imprisonment and arrest and malicious prosecution at the time said plaintiff was lawfully and properly on the public streets of the COUNTY OF NASSAU, State of New York, in denial of rights, privileges and immunities guaranteed plaintiff and other citizens by the Constitution of the United States.

33. This systematic pattern of conduct consists of a large number of individual acts of intimidation, false arrest, and false imprisonment and malicious prosecution visited on plaintiff, LAWRENCE ROSE, and other citizens members of the COUNTY OF NASSAU acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

34. Although defendants knew or should have known of the fact that this pattern of conduct was carried out of their agents, servants, and employees, the defendant, COUNTY OF NASSAU, has not taken any steps or made any efforts to halt this course of conduct, to redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees and agents.

35. The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff, LAWRENCE ROSE, of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York.

36. The right of plaintiff, LAWRENCE ROSE, to be secured in his person and effect against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

37. The right of plaintiff, LAWRENCE ROSE, to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States.

38. The right of plaintiff, LAWRENCE ROSE, not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

39. That by reason of the aforesaid violations, false arrest, false imprisonment, and malicious prosecution caused by the defendants, their agents, servants, and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff, LAWRENCE ROSE, and compel him to abandon his rights and privileges as provided to him by the Constitution of the United States of America, and provided to him in the Constitution of the State of New York, and laws related thereto, the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the COUNTY OF NASSAU, subjected a citizen of the United States of America.

WHEREFORE, Plaintiff demands judgment against the defendants as follows:

ON THE FIRST CAUSE OF ACTION ............................................... $500,000.00

ON THE SECOND CAUSE OF ACTION .........................................$500,000.00

Forest Hills, NY
November 30, 2012

                                                 Yours, etc.

                                               Richard M. Gutierrez, Esq.
                                               Attorney for the Plaintiff
                                               118-35 Queens Boulevard
                                               Suite 1500
                                               Forest Hills, NY 11375

CIVIL ACTION NO: 12-CV-0589 (ADS) (ARL)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAWRENCE ROSE,

Plaintiff(s),

-against-

COUNTY OF NASSAU and NASSAU COUNTY POLICE OFFICER MICHAEL F. KNATZ

Defendant(s),

---

AMENDED COMPLAINT

---

RICHARD M. GUTIERREZ, ESQ.

*Attorney for* **PLAINTIFF**

*Office and Post Office Address, Telephone, Fax*
**118-35 QUEENS BOULEVARD
SUITE 1500
FOREST HILLS, NY 11375
Telephone No.: 718-520-0663
Fax No.: 718-520-8306**

To:

Attorney(s) for

Service of a copy of the within ~~is hereby admitted~~

Dated:

Attorney(s) for

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: December 4, 2012

Signature _____ RICHARD M. GUTIERREZ, ESQ.

---

=== NOTICE OF ENTRY ===

PLEASE take notice that the within is a *(certified)* true copy of a duly entered in the office of the clerk of the within named court on _____ 2012.

Dated:

Yours, etc.
**RICHARD M. GUTIERREZ, ESQ.**
*Attorney for*
*Office and Post Office Address*
**118-35 QUEENS BOULEVARD
SUITE 1500
FOREST HILLS, NEW YORK 11375**

To:

Attorney(s) for

=== NOTICE OF SETTLEMENT ===

PLEASE take notice that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at _____ on 2012 at _____

Dated,

Yours, etc.
**RICHARD M. GUTIERREZ, ESQ.**

*Attorney for*
*Office and Post Office Address*
**118-35 QUEENS BOULEVARD
SUITE 1500
FOREST HILLS, NEW YORK 11375**

To

Attorney(s) for